**Thomas E. HALE, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 85 C 7747.**

United States District Court, N.D. Illinois, E.D.

Aug. 26, 1986.

---

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

This is an action for damages and other relief resulting from an alleged unlawful denial of promotion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* Plaintiff, Thomas E. Hale, filed a pro se complaint charging that his employer, defendant, United States Postal Service ("Postal Service"), failed to promote him in October, 1981. Defendant has moved to dismiss the complaint and/or for summary judgment on the grounds that: 1) defendant has never been properly served; 2) an improper defendant is named as a party; and 3) the court lacks subject matter jurisdiction. For the reasons stated herein, defendant's motion is granted.

## DISCUSSION

Under 42 U.S.C. 2000e–16(c), a plaintiff seeking to bring suit against the federal government for a Title VII violation must file a civil action in the district court (as provided in Section 2000e–5) against the head of the department, agency or unit within thirty days of receipt of notice of final action taken by the department, agency or unit.

Plaintiff did timely file suit against the Postal Service. He concedes, however, that he failed to file a complaint against the head of the Postal Service, the Postmaster General, within thirty days from the time he received a final decision from the Postal Service. In view of this conceded failure, his complaint can only be timely if a substitution of the Postmaster General for the Postal Service "relates back" to the date of his original filing under Rule 15(c) of the Fed.R.Civ.P.

Rule 15(c) states in pertinent part:

"An amendment changing the party against whom a claim is asserted relates back ... if the party to be brought in by amendment has (1) received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against him."

The Seventh Circuit has held that Rule 15(c) must be read literally and that the substituted party must have received notice within the statutory period. The notice must comply with Rules 4(d)(4) and (5). *Stewart v. United States,* 655 F.2d 741 (7th Cir.1981).

Plaintiff advances several arguments why the amendment relates back to the time of filing. First, he asserts that the Postmaster General had notice of the suit because the Postal Service participated in the Equal Employment Opportunity Commission's ("EEOC") proceedings. Second, he contends that he should be excused from complying with these "technical" rules because the statutory period ran while he was awaiting appointment of counsel. Third, he contends that no prejudice will result to the government in allowing the amendment.

Plaintiff's first argument was considered and rejected by the Ninth Circuit in *Cooper v. U.S. Postal Service,* 740 F.2d 714 (9th Cir.1984), a case that is strikingly similar to this case. In *Cooper,* the court held that knowledge of the existence of a potential Title VII action gained through participation in administrative proceedings does not impute notice of the institution of the action to the agency. The court further held that the only notice relevant to Rule 15(c) is notice of the action. 740 F.2d at 714. Therefore, under *Cooper,* the fact that the proposed defendant participated in the EEOC proceedings does not mean that he had actual notice of this action.

*Cooper* also rejected plaintiff's argument that the court should relax the technical requirement of Rule 15(c) because the result of literally applying Rule 15(c) to Title VII federal employees is too harsh. The court recognized in *Cooper* that a literal interpretation of Rule 15(c) and the short limitations period established by 42 U.S.C. 2000e–16 combine to produce a seemingly harsh result. Nonetheless, the court remarked that such harsh results in individual cases may be the inevitable corollary of the "court's obligation in all cases to follow precedent and to implement controlling statutes and procedural rules." The court concluded that whatever hardships these combined provisions work on Title VII plaintiffs can be alleviated only by Congress and the drafters of the Federal Rules of Civil Procedure. Therefore, under *Cooper*, the limitations period is jurisdictional and not subject to equitable tolling.

Even if the limitations period was not jurisdictional, but was a statute of limitations and was subject to equitable tolling, the court would decline to toll the statute under the facts of this case. Plaintiff filed his complaint on September 5, 1985 and attached thereto a motion for appointment of counsel and an application to proceed in forma pauperis. On September 10, 1985, plaintiff's motion to proceed in forma pauperis was denied. His motion for appointment of counsel could not be considered at that time due to his own carelessness. Plaintiff haphazardly filled out all forms involved in this suit. The form complaint was drafted to make it easier for pro se Title VII litigants to bring suit. The form is not difficult to complete. Nonetheless, plaintiff chose to leave substantial portions of the form blank. He neglected to check the box indicating whether his complaint was for discrimination based on race, color, sex, religion or national origin. He also left blank the section of the form complaint provided to describe the circumstances under which he was the victim of discrimination. He did not state what relief he sought. In fact, the only information he gave the court was his name, address, the fact that he was denied a promotion in October, 1981 [1] and that he considered this denial a continuous violation of his rights under Title VII.

To assess the plaintiff's motion for appointment of counsel the court is required to consider three factors: the merits of plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer and the plaintiff's financial ability to retain counsel. *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497 (7th Cir.1986). The court could not rule on the motion for appointment of counsel because it could not consider the merits of plaintiff's claim without knowing the facts underlying his claim. The decision of the EEOC did not apprise the court of the facts underlying plaintiff's claim. It was, therefore, necessary to have plaintiff come into court for status call prior to ruling on his motion for appointment of counsel. By the time the first status was set the thirty days limitation had passed. The equities do not favor plaintiff where his efforts to aid the court were minimal.

Plaintiff's third contention, that no prejudice would result to the government if the amendment was allowed, was considered and rejected by the Seventh Circuit in *Stewart, supra.* The court held that application of Rule 15(c) to the government in the absence of proper notice *within* the limitations period would result in prejudice by eliminating the statute of limitations defense. *Stewart*, 655 F.2d at 742, citing *Wood v. Worachek*, 618 F.2d 1225 (7th Cir.1980). In the instant case, no party was served within the statutory time period. Plaintiff does not dispute that the United States Attorney did not receive notice of the action until the week of October 8–15, 1985. The 30–day time period expired on September 16, 1985. Therefore, in the instant case, a finding that the proposed amendment relates back to the time of filing would prejudice the government because it would lose the limitations defense.

Accordingly, the court finds that plaintiff's complaint must be dismissed. He has not named the proper party defendant and

---

**1.** The court was advised that plaintiff was working and earning $1800.00 per month.

cannot amend his complaint at this point in time. Defendant's motion to dismiss and/or for summary judgment is granted.

IT IS SO ORDERED.