Jerrald M. **JOHNSON,**
Plaintiff–Appellant,

v.

**UNITED STATES POSTAL SERVICE,**
Defendant–Appellee.

No. 86–2780.

United States Court of Appeals,
Tenth Circuit.

Nov. 30, 1988.

Rehearing Denied Feb. 15, 1989.

---

Brian E. Bates (Thomas L. Roberts, of Pryor, Carney and Johnson, P.C., Englewood, Colo., with him on the brief), of Pryor, Carney and Johnson, P.C., Englewood, Colo., for plaintiff-appellant.

Jerry R. Atencio (Robert N. Miller, U.S. Atty., and Colleen L. Conlin, Asst. U.S. Atty., Denver, Colo., with him on the brief), Asst. U.S. Atty., Denver, Colo., for defendant-appellee.

Before McKAY, McWILLIAMS and TACHA, Circuit Judges.

TACHA, Circuit Judge.

This appeal is from a grant of summary judgment in favor of defendant on the grounds of lack of jurisdiction. The issue on appeal is whether the federal rules allow the plaintiff to amend his complaint in order to correct a failure to name or serve the correct party defendant within the statutory limitations period. Because we hold that the federal rules do not so allow, we hold that the action should be dismissed for failure to state a claim.[1] We affirm.

I.

On December 30, 1983, the plaintiff, Mr. Johnson, was discharged from his position as a mail handler at the Denver Bulk Mail Center. The United States Postal Service cited his unauthorized absences from work as the reason for the dismissal. Mr. Johnson alleges, however, that the actual reason for the action was the permanent disability of his right foot.

Mr. Johnson pursued his administrative appeal through the available channels. On July 13, 1985, he received from the Equal Employment Opportunity Commission (EEOC) a letter informing him that he had thirty days from the receipt of the letter to file a civil action in federal district court. On July 18, 1985, Mr. Johnson filed with the district court a motion to proceed in forma pauperis and for appointment of counsel. Four days later the plaintiff was granted his motion to proceed in forma pauperis but was denied his motion for appointment of counsel. *Johnson v. United States Postal Serv.*, 113 F.R.D. 73, 74 (D.Colo.1986).

On August 12, 1985, Mr. Johnson timely filed his complaint under Title VII of the Civil Rights Act of 1964, naming as defendants the United States Postal Service and "The Mailhandlers Local 321." The district court subsequently dismissed Mr. Johnson's claim against the union. *Id.* That dismissal is not appealed. Because Mr. Johnson was proceeding in forma pauperis, the U.S. Marshal was ordered by the court to serve the summons and complaint. The U.S. Marshal served the U.S. Postal Service by certified mail, the summons and complaint being received on August 16, 1985. No service was made upon the United States Attorney for the federal district or upon the Attorney General of the United States, as required by Fed.R.Civ.P. 4(d)(5) and Fed.R.Civ.P. 4(d)(4).

On January 24, 1986, the district court issued an order to show cause why service of process was still incomplete. Mr. Johnson, now represented by counsel, showed sufficient cause for failing to have perfected service within the 120–day time limit of Fed.R.Civ.P. 4(j), and the court granted the plaintiff thirty days in which to perfect service. *Johnson*, 113 F.R.D. at 74. The plaintiff then served the U.S. Attorney, the U.S. Postal Service, and the Attorney General. Mr. Johnson also filed a second amended complaint alleging discrimination

---

1. The district court held that the plaintiff was unable to amend his complaint to name the proper party, and that the action therefore should be dismissed for lack of subject matter jurisdiction. *Johnson v. United States Postal Serv.*, 113 F.R.D. 73, 77 (D.Colo.1986). Here, the proper grounds for dismissal based on inability to amend a complaint naming an improper party is failure to state a claim upon which relief can be granted. We treat the dismissal by the district court as such a dismissal.

in employment on the basis of a physical handicap.

The U.S. Postal Service moved to dismiss the action for lack of subject matter jurisdiction, failure of capacity of defendant to be sued, insufficiency of service, and inability to substitute the proper defendant. The district court held that, because the plaintiff had not served or named the correct party defendant, and was unable under the federal rules to amend his complaint to name the proper party, the action should be dismissed for lack of subject matter jurisdiction. *Id.* Mr. Johnson appeals.

## II.

When reviewing a grant of summary judgment, we must ordinarily determine whether any genuine issue of material fact remains and, if not, whether the district court correctly applied the law. *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir. 1986). Here, however, the grant of summary judgment was based solely upon compliance or noncompliance with the federal rules of civil procedure and there were no material factual disputes. The judgment turns entirely upon legal issues. We therefore employ a de novo standard of review. *Carey v. United States Postal Serv.,* 812 F.2d 621, 623 (10th Cir.1987).

The plaintiff brought this action, in his initial complaint, under section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–5,[2] and, in his second amended complaint, under sections 504 and 505 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 794, 794a. Employment discrimination actions filed by employees of the U.S. Postal Service under Title VII are controlled by 42 U.S.C. § 2000e–16(c). This statute sets a thirty-day limitations period for filing claims and establishes that, in such civil actions, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c).

In its present form, the Rehabilitation Act of 1973 does provide for a private cause of action against the federal government for employment discrimination based on handicap. We agree, however, with the Ninth Circuit that under the Rehabilitation Act, "section 501 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap." *Boyd v. United States Postal Serv.,* 752 F.2d 410, 413 (9th Cir.1985). Section 501— *not* section 504, under which the plaintiff has brought this action—provides for a private cause of action for federal employees. " '[I]t is unlikely that Congress, having specifically addressed employment of the handicapped by federal agencies (as distinct from employment by recipients, themselves nonfederal, of federal money) in section 501, would have done so again a few sections later in section 504.' " *Id.* (quoting *McGuinness v. United States Postal Serv.,* 744 F.2d 1318, 1321 (7th Cir.1984)).

Moreover, section 505(a), 29 U.S.C. § 794a(a), provides the lens that makes section 501, 29 U.S.C. § 791, clear procedurally.[3] Section 505(a)(1) provides that an ac-

---

**2.** Although the plaintiff's action perhaps is better characterized as having been brought under § 717 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–16, *see* 42 U.S.C. § 2000e–16(c) (stating that federal employee who meets criteria of section "may file a civil action as provided in section 2000e–5 of this title"), the distinction is without consequence for the present case. Clearly, an employment discrimination action filed by a federal employee under Title VII must meet the procedural requirements of 42 U.S.C. § 2000e–16(c). The plaintiff, furthermore, was allowed to file a second amended complaint that more properly brought the action under the Rehabilitation Act of 1973.

**3.** Section 505(a) provides that:

(a)(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k)), shall be available with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

tion brought under section 501 operates under the procedural constraints of Title VII of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(1). This means that such actions are subject to 42 U.S.C. § 2000e–16(c)'s requirement of naming "the head of the department, agency, or unit" as the defendant. 42 U.S.C. § 2000e–16(c). If Mr. Johnson had brought this action under section 501, he would not have escaped the procedural constraints of Title VII. We hold, furthermore, that *only* section 501 provides a private cause of action for federal employees bringing an action alleging employment discrimination based on handicap.[4]

### III.

■ Mr. Johnson, therefore, must meet the clear statutory requirements of 42 U.S.C. § 2000e–16(c). His right of action is subject to the statute's thirty-day limitations period, and he must proceed against the head of the U.S. Postal Service. Here, the proper defendant—the Postmaster General—was *never* named or served. The only possible avenue for the plaintiff, therefore, is the federal rules' provision that, under certain situations, allows the relation back of amended pleadings, Fed.R. Civ.P. 15(c).

■ Rule 15(c) provides that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c). The rule has a history of producing interpretative problems for the courts, *see Cooper v. United States Postal Serv.,* 471 U.S. 1022, 1024, 105 S.Ct. 2034, 2035, 85 L.Ed.2d 316 (1985) (White, J., dissenting from denial of certiorari) ("the Courts of Appeals have not taken a consistent approach to this provision"), and for that reason the Supreme Court recently undertook a resolution of those problems, *see Schiavone v. Fortune,* 477 U.S. 21, 22, 106 S.Ct. 2379, 2381, 91 L.Ed.2d 18 (1986) (noting certiorari had been granted to resolve "apparent conflict among the Courts of Appeals").

---

(2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

29 U.S.C. § 794a(a).

**4.** Although this holding puts us at odds with the Fifth and Sixth Circuits, the position of those circuits would render the same end result for this plaintiff. The Fifth and Sixth Circuits have held that both § 501 and § 504 provide for a private cause of action by federal employees for employment discrimination based on handicap. *Smith v. United States Postal Serv.,* 742 F.2d 257,

260 (6th Cir.1984); *Prewitt v. United States Postal Serv.,* 662 F.2d 292, 304 (5th Cir. Unit A Nov.1981). Those circuits, however, have held that Title VII procedural constraints are applicable to a plaintiff that does proceed with a federal employment handicap discrimination action under § 504. *See Smith,* 742 F.2d at 260, 262; *Prewitt,* 662 F.2d at 304. Following that procedural principle, such a plaintiff would be required to abide by all the requirements of 42 U.S.C. § 2000e–16(c), including its designation of the agency head or unit head as the proper defendant and its 30–day limitations period. These are the very requirements that prove fatal to Mr. Johnson's case.

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the United States Supreme Court attempted to clarify "Rule 15(c) of the Federal Rules of Civil Procedure and its application to a less-than-precise denomination of a defendant in complaints filed in federal court near the expiration of the period of limitations." *Id.* at 22, 106 S.Ct. at 2381. The *Schiavone* Court stated that, under rule 15(c),

> [r]elation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384. There is no dispute that Mr. Johnson met the first element of this test. Our analysis therefore focuses upon the second, third, and fourth elements.

The plaintiffs, in *Schiavone*, timely filed complaints in federal district court alleging that they had been libeled in a cover story of *Fortune* magazine and naming Fortune as the defendant. *Id.* at 22–23, 106 S.Ct. at 2381. " 'Fortune,' however, is only a trademark and the name of an internal division of Time, Incorporated...." *Id.* at 23, 106 S.Ct. at 2381. After the applicable statute of limitations for filing had passed, but well within the permissible period for service of process, the plaintiffs attempted to serve Time, Incorporated's registered agent. *Id.* at 23, 25, 106 S.Ct. at 2381, 2382. The agent refused that service. *Id.* at 23, 106 S.Ct. at 2381. The plaintiffs then amended their complaints to name "Fortune, also known as Time, Incorporated" as the defendant, and served Time, Incorporated by mail. *Id.*

In *Schiavone*, the Court held that the appellate court had correctly affirmed the district court's dismissal of the complaints.

*Id.* at 32, 106 S.Ct. at 2386. Any notice that Time, Incorporated had received of the complaint had come after the end of the limitations period. Therefore, the fourth element of the rule 15(c) test had not been met. *See id.* at 30, 106 S.Ct. at 2384. This result was not altered by the fact that the initial service was mailed one day after the statute of limitations had run; that the initial complaint described Fortune as "a foreign corporation having its principal offices at Time and Life Building, Sixth Avenue and 50th Street, New York, New York 10020"; that Fortune was an internal division of Time, Incorporated; that the initial service was mailed to Time, Incorporated's registered agent; or that the initial service, before being refused, was forwarded to Time, Incorporated's law department with a cover letter indicating that the "papers were for Time, Incorporated as publisher of Fortune." *Id.* at 23, 30, 106 S.Ct. at 2381, 2384; *id.* at 34, 106 S.Ct. at 2387 (Stevens, J., dissenting). The Court remained firm in the conviction that the "plain language" of the rule had not been met. *Id.* at 30, 106 S.Ct. at 2384.

The *Schiavone* Court also addressed rule 15(c)'s requirement that its provisions be met "within the period provided by law for commencing the action against [the party to be brought in]." The Court pointed out that rule 3, with its clear statement that "[a] civil action is commenced by filing a complaint with the court," Fed.R.Civ.P. 3, governs the "commencement" of an action under the federal rules. *Schiavone*, 477 U.S. at 30, 106 S.Ct. at 2384. Thus, although rule 4(j) allows 120 days from the filing of a complaint for service of process, the requirements of rule 15(c) must be met by the end of the limitations period for filing a complaint; the "plain meaning of the language" of rule 15(c) is not to be changed by "engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint." *Id.*

Here, Mr. Johnson timely filed his complaint on the day that the limitations period expired. Rule 4(j) then allowed him 120 days from that point to perfect service.

Because Mr. Johnson was proceeding in forma pauperis, the U.S. Marshal was directed to perfect service. The U.S. Marshal, however, served only the named defendant—the U.S. Postal Service—and not the Attorney General and the U.S. Attorney, or his or her designee, as required by rule 4. Fed.R.Civ.P. 4(d)(5); *id.* 4(d)(4). The district court, however, allowed Mr. Johnson to correct these service problems. *See Johnson,* 113 F.R.D. at 74.

In its current form, rule 15 addresses the issue of relation back based on service of the Attorney General or the U.S. Attorney in a suit against a government agency or official. That issue was incorporated into the rule in 1966 when rule 15 was amended in response to critical commentary, *e.g.,* Byse, *Suing the "Wrong" Defendant in Judicial Review of Federal Administrative Action: Proposals for Reform,* 77 Harv.L.Rev. 40 (1963), and the rule was specifically amended to address problems in suits against government agencies or officials. That section of rule 15(c) now provides that:

> The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement[s] of [notice without prejudice and of knowledge of mistake in original complaint] with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c). Rule 15(c) still instructs us, however, that these requirements must be fulfilled within the limitations period for commencing an action.[5]

Mr. Johnson failed to meet the plain language of rule 15(c)'s clear, reformed requirements. Although the U.S. Marshal failed to perfect service under rule 4(d), the

court allowed those problems to be corrected. Mr. Johnson's problems arise not from inadequate service, but from an inadequate complaint. Even if the U.S. Marshal had correctly followed rule 4(d) at the time of Mr. Johnson's filing and had served the Attorney General or the U.S. Attorney, the above reformed provisions of rule 15(c) would not have been met unless that service had been made on the same day as Mr. Johnson's filing. Yet, under rule 4, the U.S. Marshal had 120 days in which to perfect service. In the face of such facts, there is no reason to lay at the U.S. Marshal's feet the blame for a mistake entirely precipitated by the inadequacy of the plaintiff's complaint.

## IV.

■ The plaintiff contends on appeal that the district court erred in not tolling the thirty-day limitations period based on equitable considerations. This circuit does consider that "the thirty-day time limitation of section 2000e–16(c) is not jurisdictional and may be subject to equitable tolling in appropriate cases." *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984). After consideration of the present facts and our circuit's case law, we conclude, however, that this is not an appropriate case for equitable tolling.

The *Martinez* court noted that:

> This circuit's decisions have indicated that the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of equity. *Cottrell v. Newspaper Agency Corp.,* 590 F.2d 836, 838–39 (10th Cir.1979). For instance, equitable tolling may be appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981,

---

5. To be sure, when the Attorney General and the U.S. Attorney were served as defendants under the plaintiff's second amended complaint, that action, seen in the light of the post–1966 rule 15(c), met the second and third elements of the four-pronged *Schiavone* test: the elements of notice that is not prejudicial and of knowledge

of mistake in the original complaint. *See Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). Rule 15(c) still requires, however, that those elements be met within the limitations period: the fourth element of the *Schiavone* test. *Id.*

986 (10th Cir.1981); *see Gonzalez–Aller Balseyro [v. GTE Lenkurt, Inc.],* 702 F.2d [857] at 859 [(10th Cir.1983)]. Likewise, if a plaintiff is "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights," we will permit tolling of the limitations period. *Wilkerson v. Siegfried Insurance Agency, Inc.,* 683 F.2d 344, 348 (10th Cir.1982); *see also Cottrell,* 590 F.2d at 838.

*Id.* Thus, in this circuit, a Title VII time limit will be tolled *only* if there has been "active deception." Mr. Johnson has not been "actively misled" here and we also conclude that he was not "lulled into inaction" in any way that rises to the active deception standard of our circuit's case law.

In *Carlile v. South Routt School Dist. RE 3–J,* 652 F.2d 981 (10th Cir.1981), the district court told the plaintiff explicitly that her action would be considered commenced as of the time of her filing a motion to proceed in forma pauperis, a statement subsequently relied upon by her appointed counsel. *Id.* at 983. This court felt obliged to acquiesce in the district court's unilateral extension of the limitations period. *Id.* at 986. We note that in spite of its frequent citation as a case setting forth this circuit's principle of equitable tolling, *Carlile* itself stated that it was compelled solely by the district court's action and that "[i]n so doing we limit our holding specially to the particular facts and circumstances above related." *Id.*

In *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857 (10th Cir.1983), the district court clerk unambiguously told the plaintiff that the filing of his right-to-sue letter would toll the Title VII limitations period until the plaintiff had had sufficient opportunity to obtain counsel. *Id.* at 859. The plaintiff, having never successfully obtained counsel and thus proceeding pro se, relied upon the clerk's statement. *Id.* This court therefore determined that equitable tolling was applicable to the circumstances of that case. *Id.*

In *Martinez,* the plaintiff received a letter from the EEOC informing him that he had the right to bring suit within thirty days of his receipt of the letter. 738 F.2d at 1111. The letter also discussed the plaintiff's "right to request reopening and reconsideration by the EEOC." *Id.* The plaintiff followed the latter course of action and thereby missed his chance to bring suit, for the letter had failed "to make clear that the right to sue and the right to request reopening are distinct, independent rights, and that an election to pursue only the latter completely waives the former." *Id.* This court concluded that equitable tolling was appropriate, for "Martinez was in fact misled and lulled into inaction by the EEOC." *Id.* at 1112.

In contrast to these cases, Mr. Johnson was not actively misled or lulled into inaction. His failure to file an adequate complaint was not due to a false representation by any court, agency, or putative defendant. In short, "[a]lthough the propriety of equitable tolling must necessarily be determined on a case-by-case basis," *Gonzalez–Aller Balseyro,* 702 F.2d at 859, the plaintiff's case here does not merit equitable tolling of the limitations period.

■ Finally, the relation back of some amendments has been allowed previously under the so-called identity-of-interest exception. *See Schiavone,* 477 U.S. at 28 n. 7, 106 S.Ct. at 2384 n. 7 (listing circuit-level cases). The Supreme Court has summarized the exception, while only adopting it *arguendo,* by stating that "[t]imely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party." *Id.* at 29, 106 S.Ct. at 2384. This circuit's case law concerning the identity-of-interest exception has noted, however, that the post–1966 rule 15(c) is an explicit statement of the procedures and safeguards that make up this exception. *See Travelers Indem. Co. v. United States ex rel. Construction Specialties Co.,* 382 F.2d 103, 106 (10th Cir.1967) ("The 1966 amendment simply clarifies, by explicitly stating, the permissive procedure and its appropriate safeguards which have existed under Rule 15(c) since its promulgation.").

Regardless of whether rule 15(c) has codified the doctrine of identity-of-interest, Mr. Johnson's case fails, because he does not meet an essential requirement of both the rule and the doctrine: he has not given "notice within the limitations period."

### V.

In summary, Mr. Johnson's attempt to amend his complaint falls short of the requirements clearly established by rule 15. We join those circuits which have held that *Schiavone* clearly controls on facts similar to this case.[6] Discussing rule 15(c), the Supreme Court has stated:

> The linchpin is notice, and notice within the limitations period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process.

*Schiavone,* 477 U.S. at 31, 106 S.Ct. at 2385.

The order of the district court is AFFIRMED.

McKAY, Circuit Judge, dissenting:

The majority reads *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), as dictating a broader principle than the Supreme Court, in fact, articulated. This reading has led to what I consider to be an erroneous analysis and result in this case.

### I.

On December 30, 1983, the U.S. Postal Service discharged Mr. Johnson from his position as a mail handler at the Denver Bulk Mail Center. Mr. Johnson pursued administrative review of his dismissal for approximately eighteen months, first with the Merit System Protection Board and later with the Equal Employment Opportunity Commission ("EEOC"). In both fora the U.S. Postal Service participated as the adversary party. On July 13, 1985, Mr. Johnson received a final decision ("right-to-sue") letter from the EEOC notifying him that he had thirty days from receipt of the letter to file a civil action in federal district court.

Five days after receiving the "right-to-sue" letter Mr. Johnson petitioned the district court for permission to proceed *in forma pauperis* and requested appointment of counsel. Four days later, on July 22, the court denied Mr. Johnson's motion for appointment of counsel but granted the motion to proceed *in forma pauperis,*[1] and ordered the U.S. Marshal to serve the summons and complaint upon the defendant without the prepayment of fees.[2] *Johnson v. United States Postal Serv.,* 113 F.R.D. 73, 74 (D.Colo.1986).

Left with no option but to proceed pro se, Mr. Johnson filed his complaint[3] on August

---

6. *Mondy v. Secretary of the Army,* 845 F.2d 1051, 1053 (D.C.Cir.1988); *Williams v. Army & Air Force Exch. Serv.,* 830 F.2d 27, 29–30 (3d Cir.1987); *Paulk v. Department of the Air Force, Chanute Air Force Base,* 830 F.2d 79, 81 (7th Cir.1987); *Gonzales v. Secretary of the Air Force,* 824 F.2d 392, 394 (5th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988); *Hymen v. Merit Sys. Protection Bd.,* 799 F.2d 1421, 1422 (9th Cir.1986), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987). Both *Mondy* and *Paulk* held that grounds existed for equitable tolling, and the plaintiffs in those cases therefore were allowed to amend their complaints. *Mondy,* 845 F.2d at 1054, 1057 (limitations period tolled during "marshal's delay" of service; court speaks only of 30–day "deadline" and never mentions rule 4(j)'s 120–day service period); *Paulk,* 830 F.2d at 83 (limitations period tolled during pendency of in forma pauperis motion).

1. 28 U.S.C. § 1915(a) (1982) provides:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

2. 28 U.S.C. § 1915(c) (1982) requires the U.S. Marshals to "issue and serve all process, and perform all duties in [in forma pauperis] cases."

3. There is some confusion in the record as to which section of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982), served as the basis of Mr. Johnson's initial complaint. *See ante* at 1477, & n. 2. The issue is immaterial for purposes of this decision since all parties agree that the critical operative section in this appeal is 42

12, 1985—only twenty-one days after the court's decision and clearly within the statutory period. However, two problems arose: First, the complaint named the U.S. Postal Service as defendant instead of the Postmaster General who, as agency head, is the statutorily-prescribed defendant. Second, Mr. Johnson unfortunately relied on the U.S. Marshal to effect timely and proper service pursuant to the court's July 22 Order. This the Marshal failed to do. As a result, the Postal Service was not served until August 16 (three days after the thirty-day period), and neither the U.S. Attorney's Office nor the Attorney General was served as required under Fed.R.Civ.P. 4(d).

Presumably due to the Marshal's failure to effect proper service, in January 1986 the court issued an Order to Show Cause as to why service of process was incomplete. On February 3, 1986, Mr. Johnson, appearing through counsel for the first time, satisfied his burden and was granted a thirty-day extension in order to perfect service. Within that time period, service of an amended complaint was made upon the U.S. Attorney, the Attorney General, and the U.S. Postal Service. *Johnson,* 113 F.R. D. at 74.

On April 1, 1986, the defendant moved to dismiss pursuant to Fed.R.Civ.P. 12(b) and 15(c). On the basis of the Supreme Court's decision in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986),[4] the court granted defendant's motion to dismiss for lack of subject matter jurisdiction. *Johnson,* 113 F.R.D. at 74–75. The court read *Schiavone* as requiring dismissal because the proper defendant, the Postmaster General, had not received notice within the thirty-day limitations period. Absent timely notice, the complaint could not be amended under Rule 15(c) to name the proper party.

## II.

In this case, two issues with solid precedent in this circuit, sister circuits, and the Supreme Court, intersect for the first time before this court. The first issue is whether 42 U.S.C. § 2000e–16(c) permits equitable tolling of the applicable limitations period, especially in the case of a pro se plaintiff proceeding in forma pauperis. The second issue is whether Fed.R.Civ.P. 15(c) permits the relation back of an amended complaint when there is significant identity of interest between an improperly-named defendant and the proper party.

### A. *Equitable tolling:*

In *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984), this court examined the policies underlying the limitations period for actions brought under section 2000e–16(c) and concluded "that the thirty-day time limitation of section 2000e–16(c) is not jurisdictional and may be subject to equitable tolling in appropriate cases." (footnote omitted) *Accord Mondy v. Secretary of the Army,* 845 F.2d 1051, 1056–57 (D.C.Cir. 1988). *Cf. Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (holding that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to Title VII actions but rather "a requirement that, like a statute of limita-

---

U.S.C. § 2000e–16(c). That section sets a 30–day limitations period for bringing suit and which prescribes that the department or agency head must be named as the defendant.

**4.** In *Schiavone* plaintiffs sued *Fortune* magazine for libel within New Jersey's one-year statute of limitations. "Fortune," however, is only a trademark denoting an internal division of Time, Incorporated. The plaintiffs attempted to serve process on Time's registered agent in New Jersey, but the agent refused service because Time was not a named defendant in the suit. After the statutory filing period had expired, the plaintiffs amended their respective complaints to add Time as a defendant, and subsequently served process on Time. The district court dismissed the complaint, holding that the amendment did not relate back to the date of the original filing under Rule 15(c) because Time did not receive notice of the institution of the libel action within the period provided by law for commencing the action against it. The Supreme Court affirmed, setting forth a four-part test for determining when "relation back" of an amended pleading under Rule 15(c) will be permitted. *Schiavone,* 477 U.S. 21, 106 S.Ct. 2379.

tions, is subject to waiver, estoppel, and equitable tolling." (footnote omitted)).[5]

One situation specifically recognized by sister circuits as justifying the tolling of the statutory limitations period—where a pro se plaintiff proceeds *in forma pauperis* in an action under 42 U.S.C. § 2000e–16(c)—arises in this case. In *Mondy v. Secretary of the Army*, 845 F.2d 1051, the District of Columbia Circuit recently addressed a case almost factually indistinguishable from the one before this court. *Mondy* involved a challenge under Title VII to plaintiff's dismissal from Walter Reed Army Medical Center. However, two procedural defects in commencing the action jeopardized his suit: First, the complaint named the wrong defendant, his activity commander, rather than the Secretary of the Army. Second, although the complaint was timely filed, the United States Marshals delayed service for nearly four months, long past § 2000e–16(c)'s thirty-day deadline. 845 F.2d at 1052. Several months after the complaint was served, the plaintiff filed an amended complaint naming the proper defendant.

The government sought dismissal on the ground that plaintiff's failure to meet the statutory limitations period defeated the court's jurisdiction. *Id.* at 1054. Based on its reading of *Schiavone*, the trial court agreed and granted the motion to dismiss. Relying on *Zipes*, the District of Columbia Circuit rejected the government's contention that the statute was jurisdictional. Moreover, the court concluded that when a pro se plaintiff proceeding *in forma pauperis* justifiably relies upon the U.S. Marshal to effect service, and such service is made by the Marshal after the statutory limitations period, equitable tolling applies and service will be deemed timely. 845 F.2d at 1054–57.

Even the Seventh Circuit, which, unlike our circuit, views section 2000e–16(c)'s time limitation as jurisdictional,[6] *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), has carved out an exception tolling the limitations period during the pendency of a plaintiff's motion to proceed *in forma pauperis. See Paulk v. Department of Air Force*, 830 F.2d 79, 82–83 (7th Cir.1987). *Paulk* involved the appeal of a district court dismissal of a Title VII claim because the plaintiff had named the U.S. Air Force as defendant rather than Casper Weinberger, the Secretary of the Air Force. In *Paulk*, as in this case, the plaintiff proceeded pro se and *in forma pauperis.* Also, as in this case, in her attempt to amend the

5. *Zipes* serves as the foundation on which our circuit has based its determination that § 2000e–16(c), like § 2000e–5(f) is limitational rather than jurisdictional, and thus subject to equitable tolling. *See Martinez*, 738 F.2d at 1109–10; *accord, Mondy*, 845 F.2d at 1054–55.

The *Zipes* Court, in turn, based its decision upon: (1) Congress's treatment of the time limit in a provision entirely separate from the one that defines the jurisdiction of the courts, 455 U.S. at 394–95; 102 S.Ct. at 1133–34; (2) legislative history, *id.*; (3) prior cases reflecting an assumption that the filing requirement was not jurisdictional, *id.* at 397–98, 102 S.Ct. at 1134–35; and (4) Title VII's remedial purpose, *id.* at 398, 102 S.Ct. at 1135.

The Court specifically set forth the analytical approach to be used in addressing technical challenges to Title VII actions by stating:

In *Love v. Pullman Co.*, ... we announced a guiding principle for construing the provisions of Title VII. Declining to read literally another filing provision of Title VII, we explained that a technical reading would be "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process. *Id.* [404

U.S. 522], at 527 [92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)]. That principle must be applied [to the time limit in 42 U.S.C. 2000e–5(f)] as well."

*Zipes*, 455 U.S. at 397, 102 S.Ct. at 1134.

The rationale of *Zipes* is not only applicable in the case before us but also warrants the conclusion that courts should show special solicitude in cases where pro se plaintiffs seek to vindicate their civil rights.

6. The circuits have split on the issue of whether the time period specified in 42 U.S.C. § 2000e–16(c) is jurisdictional. *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir.1988) (non-jurisdictional); *Hornsby v. United States Postal Serv.*, 787 F.2d 87, 89 (3d Cir.1986) (non-jurisdictional); *Milam v. United States Postal Serv.*, 674 F.2d 860, 862 (11th Cir.1982) (same). *But see Cooper v. United States Postal Serv.*, 740 F.2d 714, 715–16 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (jurisdictional); *Sims v. Heckler*, 725 F.2d 1143, 1146 (7th Cir.1984) (jurisdictional); *Eastland v. Tennessee Valley Auth.*, 553 F.2d 364, 368 (5th Cir.), *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977) (same).

defective complaint the plaintiff in *Paulk* failed to give notice to the proper defendant within the thirty-day period provided by section 2000e–16(c). The district court, relying on *Schiavone*, dismissed the suit. The Seventh Circuit reversed and remanded.

In reviewing the district court's proceedings, the *Paulk* court found the delay in service of a complaint entrusted to the U.S. Marshal under 28 U.S.C. § 1915(a)

> fully expectable due to this Circuit's rule that the district judge may consider whether the complaint is frivolous or malicious before granting leave to proceed *in forma pauperis* under § 1915(a) and authorizing the issuance of the summons and service of the complaint.... The delay in deciding to grant this motion could easily consume the thirty-day limitations period and make impracticable the filing of *in forma pauperis* petitions in such suits. *Tolling the limitations period during the pendency of such a motion, even when the federal government is the defendant, allows 28 U.S.C. § 1915 and Rule 15(c) to operate harmoniously, instead of denying the benefits of the 1966 Amendment of Rule 15(c) to the very plaintiffs who are most likely to need it.*

7. The benefits to which the *Paulk* court refers are those "remedial purposes" of the 1966 Amendment to Rule 15. The Notes of the Advisory Committee on Rules explain:

> The problem [of knowing when an amendment shall relate back to the date of the original pleading] has arisen most acutely in certain actions by private parties against officers or agencies of the United States.... In several recent cases the claimants instituted timely action but mistakenly named as defendant the United States, the [federal agency], ... and a Secretary who had retired from the office.... Discovering their mistakes, the claimants moved to amend their complaints to name the proper defendant; by this time the statutory [period for filing a civil action] had expired. The motions were denied on the ground that the amendment "would amount to the commencement of a new proceeding and would not relate back in time as to avoid the statutory provision ... that suit be brought within [the statutory period].
> ....
> Relation back is intimately connected with the policy of the statute of limitations. The

*Id.* at 82 (citations omitted) (emphasis added).[7]

This circuit observes a procedural rule for the evaluation of in forma pauperis motions that is virtually identical in requirements and purpose to that in effect in the Seventh Circuit.[8] Therefore, it is reasonable to assume that in this jurisdiction too, delay encountered while the district court determines a plaintiff's financial eligibility under § 1915, or prepares a statement denying the plaintiff's *in forma pauperis* motion, could consume the entire limitations period.[9]

In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (per curiam), the Supreme Court gave various examples of procedural unfairness that justify equitable tolling. Among those cited was that "the court has led the plaintiff to believe that she has done everything required of her" (citing *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981 (10th Cir.1981)). Three months after *Baldwin County* was decided, but without citation to that case, this court held that

> the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of

policy of the statute limiting the time for suit against the Secretary of [a federal agency] would not have been offended by allowing relation back in the situations described above.

Fed.R.Civ.P. 15 (Notes, 1966 Amendment).

8. When presented with a motion for leave to proceed in forma pauperis, the district court should first determine if the plaintiff satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). If a finding of economic justification is made, the court should allow the complaint to be docketed without prepayment of fees.

Once leave has been granted, the district court may, under § 1915(d), dismiss the complaint, even prior to service of process, if it determines the complaint to be frivolous or malicious.

*McCone v. Holiday Inn Convention Center,* 797 F.2d 853, 854 (10th Cir.1986) (citations omitted).

9. The risk is especially acute where, as in this case, the limitations period is only thirty days long.

equity. For instance, equitable tolling may be appropriate where a plaintiff *has been "lulled into inaction by* her past employer, state or federal agencies, or *the courts."*

*Martinez,* 738 F.2d at 1110 (citations omitted) (emphasis added).

In this case, Mr. Johnson filed his motion to proceed *in forma pauperis* on July 18, 1985. The motion was granted four days later in an Order in which the court directed the U.S. Marshal to serve process. Unfortunately, the Marshal did not serve the U.S. Postal Service until three days after the limitations period had expired. Applying the tolling rule expounded in *Baldwin County,* as well as our own precedent, it is clear that the limitations period should be tolled in this case. Once it granted Mr. Johnson's *in forma pauperis* petition, the court, through the U.S. Marshal's Office, was required by federal law to properly serve defendants. Nothing more was expected of, or could have been done by, Mr. Johnson. A reasonable person in Mr. Johnson's position would have understood that the court's Order, by its terms, provided that his complaint would be properly served in a timely manner. Unquestionably, Mr. Johnson was "lulled into inaction" by his reasonable reliance on the process authorized by statute and implemented by officers of the court.

In determining the appropriateness of equitable tolling to this case, a critical difference between the majority's position and my own is how we view the role of the U.S. Marshal in discharging her responsibilities in *in forma pauperis* cases. The majority takes the view that the Marshal's role is merely to serve the complaint as it is received within the 120 days provided for by Rule 4(j). However, 29 U.S.C. § 1915(c) instructs that "[t]he officers of the court shall issue and serve all process, *and perform all duties*" in this type of case. In my view, the plain language of section 1915(c) imposes a special duty upon officers

of the court to assist impecunious and generally unsophisticated plaintiffs to navigate safely through the procedural maze created by applicable statutes and rules.

In Mr. Johnson's case, the Marshal failed to fulfill her duty in two respects: First, she failed to serve all the appropriate parties as required by Fed.R.Civ.P. 4(d)(4), (5). Although the court later permitted Mr. Johnson to cure the Marshal's mistake, the need to employ counsel (which plaintiff could ill afford), and to participate in a special hearing, undoubtedly created unnecessary frustration and confusion for this plaintiff. Second, the Marshal failed to serve process in a timely manner. The majority minimizes this error by pointing to Rule 4's 120-day time period as justifying its conclusion that "there is no reason to lay at the U.S. Marshal's feet the blame for a mistake entirely precipitated by the inadequacy of the plaintiff's complaint." *Ante,* at 1480. But what is the basis of the supposed inadequacy? According to the majority, it is that the complaint was filed on the last day of the limitations period and plaintiff had no justifiable reason to expect prompt service of process since the Marshal had a 120-day window. However, one brief hypothetical demonstrates the fallacy of this reasoning.

Let us assume that Mr. Johnson had filed his pro se complaint within one week of the court's denial of his motion for appointed counsel instead of twenty-one days later (I hasten to add that there is *no* evidence on the record to suggest undue delay on Mr. Johnson's part). Under Fed.R.Civ.P. 4(j), the Marshal would still have the same 120 days within which to act. Thus, if reasonable delays in the Marshal's office prevented service from being effected until fifteen or twenty days after the complaint was filed, the Marshal would have complied with Rule 4 but Mr. Johnson would *still* be out of court because the thirty-day limitations period of 42 U.S.C. § 2000e–16(c) had not been met.[10]

---

**10.** Under the majority's analysis a plaintiff could be completely out of court even though the Marshal proceeded within the time limit permitted by Fed.R.Civ.P. 4(j). I submit that

such an outcome rises to "active deception" which "in some extraordinary way [prevents plaintiff] from asserting his or her rights." Under our case law, this is sufficient to permit

I cannot accept that this harsh result was intended by either Congress or the courts in endeavoring to assist *in forma pauperis* plaintiffs. In my view, § 1915(c)'s language demands that the Marshal be cognizant of and act within the limitations period provided by statute in order to effect timely service. Anything less would render nugatory the statutes and rules designed to assist *in forma pauperis* plaintiffs to access the courts.

Finally, the majority rejects the view that Mr. Johnson was "lulled into inaction" or in other ways "actively deceived" by his justifiable reliance upon court officials and court processes. The majority draws an artificial distinction between circumstances where one party is *explicitly* told something that leads to the forfeiting of rights and situations such as the present one where reliance on a court order is not deemed overt enough to qualify. I respectfully submit that there is no principled basis for that distinction. The issue is *reliance* and how that reliance is fostered, regardless of the method employed. This is especially true when dealing with an unsophisticated plaintiff such as Mr. Johnson.

I conclude that equity and our precedent require a holding that, in this case, the limitations period was equitably tolled and service upon the U.S. Postal Service was timely. Furthermore, this circuit should adopt the reasoning of the District of Columbia Circuit in *Mondy* and the Seventh Circuit in *Paulk*, and hold that the limitations period of 42 U.S.C. § 2000e–16(c) is equitably tolled during the pendency of a plaintiff's in forma pauperis motion. Finally, the court should hold that under § 1915(c), U.S. Marshals must proceed within the applicable limitations period (and not merely within Rule 4(j)'s time period) in order to discharge the duty imposed by statute.

equitable tolling of the limitations period. *See Wilkerson v. Siegfried Ins. Agency,* 683 F.2d 344, 348 (10th Cir.1982); *see also Martinez,* 738 F.2d at 1110.

**B.** *Relation-back under Rule 15(c):*

The majority's affirmance of summary judgment misapplies *Schiavone* to these facts. A proper reading of *Schiavone* does *not* bar the plaintiff in this case from having his day in court.

In *Schiavone,* the Supreme Court outlined four factors governing the applicability of the relation-back provisions of Fed.R. Civ.P. 15(c):

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

477 U.S. at 29, 106 S.Ct. at 2384.

In this case there is no dispute that the first requirement is met. As for the second, our circuit has adopted, and the Supreme Court in *Schiavone* recognized, the availability of an "identity-of-interest" exception "under which an amendment that substitutes a party in a complaint after the limitations period has expired will relate back to the date of the filing of the original complaint" if the "correct" defendant is sufficiently identified with the improperly-named party. 477 U.S. at 28 & n. 7, 106 S.Ct. at 2384 & n. 7 (citing *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.,* 382 F.2d 103 (10th Cir.1967)). Although the Third Circuit in *Schiavone* rejected that approach, and the Supreme Court did not consider it applicable *to the facts before it,* the Court's own language approves the application of the exception in appropriate circumstances:

> The object of the [identity-of-interest] exception is to avoid the application of the statute of limitations when no prejudice

It was similar reasoning which led the *Mondy* court to recognize the applicability of equitable tolling when a pro se plaintiff proceeding *in forma pauperis* justifiably relies upon the U.S. Marshal to effect service. 845 F.2d at 1054–57.

would result to the party sought to be added.

. . . .

Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, *permit imputation of notice to a subsequently named and sufficiently related party.*

477 U.S. at 28–29, 106 S.Ct. at 2384 (emphasis added).

In this case the district court recognized that timely notice to the Postal Service would have provided the Postmaster General with informal or constructive notice. The dissenting opinion in an analogous case, *Gonzales v. Secretary of Air Force,* 824 F.2d 392 (5th Cir.1987) (Brown, J., dissenting), states:

It is important to remember that even if the Secretary had been the named party, he, personally, probably *never* would have received notice of Gonzales' routine Title VII claim. The Secretary, when sued solely in his official capacity, and the Air Force are functionally identical for purposes of this suit and this appeal.

Whether the Air Force or some functionary in the office of the Secretary is served, the same people at the Department ... will process the summons, the same Air Force representative will appear in court, and the same entity will shoulder the burden of loss if Gonzales prevails.

. . . .

The Air Force representatives who received the first complaint naming "The Air Force" were, in all likelihood, the same people who received the amended complaint naming "The Secretary of the Air Force." I cannot believe that the law tolerates such an absurdity that the Secretary was "prejudiced" by this mistake.

*Id.* at 398–99.

Consonant with our precedent which cannot be rejected without en banc review, and the demands of reality, this court should recognize what all parties recognize, that is, the clear identity of interest which exists between the Postmaster General and the U.S. Postal Service. Under the circumstances in this case notice can be properly imputed to the Postmaster General, resulting in no prejudice to the defendant. I conclude that the second requirement of the *Schiavone* test is met.[11]

*Schiavone* next requires that the proper party have had knowledge that, but for the mistake, it would have been named in the action. In Judge Brown's words, this requirement "is easily met" because "[n]o identity of interest and shared knowledge can be posited that is any closer than that between the [agency head] and his [agency]."[12] The analysis which satisfies the second prong of *Schiavone* also applies here, because the same people who would serve as the Postmaster General's representatives participated as Mr. Johnson's adversaries in almost two years of adminis-

---

**11.** The facts of *Schiavone* are distinguishable on this point. First, in *Schiavone,* both parties were served after the limitations period had run and, unlike the present case, *no basis for equitable tolling existed.* Second, there is considerably greater identity of interests between an agency head and his/her agency than what normally exists between divisions operating under a corporate umbrella or between the general corporate organization and one (of many) internal divisions as was the case in *Schiavone.*

**12.** The volume of case law on the subject indicates that scores of plaintiffs have had their employment discrimination claims against federal agencies dismissed for failure to name as defendant the "head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e–16(c). Many of these cases specifically involve the Postal Service and, if one were of a

suspicious nature, one could easily conclude that the agency (1) knows of the procedural pitfalls presented by the statutory language, and (2) regularly relies on a plaintiff's inadvertence to win through procedural maneuvering what it might not be able to secure through an adjudication on the merits. *See, e.g. Hymen v. Merit Sys. Protection Bd.,* 799 F.2d 1421 (9th Cir.1986), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987); *Jarrell v. United States Postal Serv.,* 753 F.2d 1088 (D.C.Cir.1985); *Cooper v. United States Postal Serv.,* 740 F.2d 714 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). *See also McGuire v. Tisch,* 44 FEP Cases 1497 (S.D.N.Y.1987) [available on WESTLAW, 1987 WL17658]; *Hale v. United States Postal Serv.,* 663 F.Supp. 7 (N.D. Ill.1986), *aff'd without opinion,* 826 F.2d 1067 (7th Cir.1987).

trative proceedings. Applying a reasonable person test to determine whether a party "should have known" of the mistake, the dissent in *Gonzales* concludes that in this type of situation the third *Schiavone* requirement should be satisfied. *Gonzales*, 824 F.2d at 399 (Brown, J., dissenting).

Finally, *Schiavone* requires that notice to the proper party, and knowledge of its probable involvement in the law suit, must occur during the prescribed limitations period. Given the preceding discussion of equitable tolling and the identity of interest exception, I conclude that this element is met in this case.[13]

### III.

I believe that the majority's characterization of § 2000e–16(c) and Rule 15(c) traps the unwary citizen seeking to vindicate his civil rights. The disposition of this case is contrary to the spirit of Title VII,[14] and makes a mockery of the intent which underlies the Federal Rules of Civil Procedure.[15] Therefore, I respectfully dissent.

---

**13.** This analysis has relied on equitable tolling to satisfy the requirement of notice to the appropriate parties within the limitations period. Alternatively, the dissent in *Gonzales* persuasively argues that the harsh result in *Schiavone* was dictated by the New Jersey statute's requirement that the libel action "commence" within the limitations period with "commencement" (defined as "filing of the complaint plus service"). By contrast, the language of § 2000e–16(c) requires *only* that the suit be *filed* within the 30–day period, and, therefore, a different result, although one not inconsistent with *Schiavone*, is indicated.

I believe Judge Brown's analysis in *Gonzales* is sound and presents an alternative basis for finding that Mr. Johnson could properly rely on the provisions of Rule 15(c) to correct the technical error in naming the defendant. *See Gonzales*, 824 F.2d at 396–400 (Brown, J., dissenting).

**14.** *See Zipes*, 455 U.S. at 397, 102 S.Ct. at 1134.

**15.** Rule 1 of the Federal Rules of Civil Procedure provides that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action."