961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delbert RASMUSSEN, Plaintiff-Appellant,
v.
DEPARTMENT OF THE AIR FORCE, Air Force Logistics Command,
Hill Air Force Base, United States Department of
Defense, Office of Personnel Management,
Defendants-Appellees.
 No. 91-4150.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Delbert Rasmussen appeals from an order of the district court granting summary judgment in favor of the Department of the Air Force, Air Force Logistic Command, Hill Air Force Base, and the Department of Defense, Office of Personnel Management, hereinafter collectively referred to as appellees.
 
 
 3
 Rasmussen is a retired army major employed as a civilian by the Air Force at Hill Air Force Base. During 1988 and 1989, Rasmussen applied for two jobs at the Base. He was not hired for either job. Rasmussen then filed a grievance. On January 12, 1990, the Air Force issued a decision letter denying Rasmussen's grievance.
 
 
 4
 On February 12, 1990, Rasmussen filed this action, alleging age and sex discrimination and violations of the Veterans Preference Act. He did not name the Secretary of the Air Force as a defendant. In September, 1990, appellees moved to dismiss and for summary judgment, alleging that Rasmussen had failed to name a proper party, the Secretary of the Air Force, in accordance with 42 U.S.C. § 2000e-16(c). In response, Rasmussen argued that he should be allowed to amend his complaint to name the Secretary of the Air Force as a defendant and that the amendment should relate back to the original filing date of his complaint.
 
 
 5
 In its order denying Rasmussen's request to amend and granting summary judgment in favor of appellees, the court found:
 
 
 6
 Section 2000e-16(c) requires the action to be filed within thirty days of the final Department [Air Force] decision. The final Department decision was issued January 12, 1990. The Department was not served until June 7, 1990. Even if notice to the Department could be imputed to the Secretary, such notice to the Department did not come within the required statutory period.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 In the instant case plaintiff has not raised any defense or excuse for his failure to name and serve the appropriate party within the statutory period which would justify the application of equitable tolling.
 
 
 10
 (R., Memorandum Opinion and Order, pp. 6 and 8).
 
 
 11
 On appeal, Rasmussen contends that "the lower court abused its discretion by failing to determine, in the alternative, either that service upon the Department of the Air Force was effective, even though the Secretary of the Air Force was not named, or allowing [him] to amend his complaint to specifically designate the name Secretary of the Air Force and to allow that amendment to relate back to the original filing date of February 12, 1990." (Brief of Appellant at p. 4).
 
 
 12
 We review a grant of summary judgment under the same standard applied by the district court. Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir.1990). Summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence in the record in the light most favorable to the party opposing the motion. Lucas, supra, at p. 420.
 
 
 13
 We have heretofore recognized that the thirty day time limitation of § 2000e-16(c) is not jurisdictional and may be subject to equitable tolling in appropriate cases. Johnson v. U.S. Postal Service, 861 F.2d 1475, 1480 (10th Cir.1988), cert. denied, 493 U.S. 811 (1989), quoting, Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir.1984). However, "[f]ederal courts have typically extended equitable relief only sparingly." Irwin v. Veterans Administration, 111 S.Ct. 453, 457 (1990).
 
 
 14
 In Irwin, the Court, in holding that no basis existed for equitably tolling § 2000e-16(c)'s thirty day time limitation, opined:
 
 
 15
 We have allowed equitable tolling in situations where the claimant actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights ... [and] the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.
 
 
 16
 111 S.Ct. at 457-8.
 
 
 17
 We agree with the district court that Rasmussen "has not raised any defense or excuse for his failure to name and serve the appropriate party within the statutory period which would justify the application of equitable tolling," supra. Moreover, inasmuch as the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect," Irwin, supra, we hold that the district court did not err in granting summary judgment in favor of appellees based on Rasmussen's failure to file his complaint within the thirty day time limitation period of § 2000e-16(c).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3