Lawrence SLADE, Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE,
Defendant–Appellee.

No. 87–2679.

United States Court of Appeals,
Tenth Circuit.

May 30, 1989.

Michael James King of Winters, King &
Associates, Inc., Tulsa, Okl., for plaintiff-
appellant.

Jesse L. Butler, Asst. Gen. Counsel,
James A. Friedman, Atty., Office of Labor
Law, U.S. Postal Service, Washington,
D.C., Tony M. Graham, U.S. Atty., Nancy
Nesbitt Blevins, Asst. U.S. Atty., Tulsa,
Okl., for defendant-appellee.

Before McKAY, MOORE, and
BRORBY, Circuit Judges.

PER CURIAM.

In this Title VII action, the appellant,
Lawrence Slade, contends that the district
court erred in dismissing his complaint for
failure to sue the proper party within the
thirty-day statute of limitations.[1] Based on
the Supreme Court's decision in *Schiavone
v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91
L.Ed.2d 18 (1986), the district court ruled
that Mr. Slade's amendment of his com-
plaint to name the Postmaster General, the
proper party defendant in such an action,
did not relate back to the original date of
filing under Fed.R.Civ.P. 15(c), and it there-
fore dismissed the complaint. We reverse.

The facts of this case are undisputed.
On March 18, 1987, one day before the
expiration of the limitations period, Mr.
Slade filed the instant action in federal
court, naming the United States Postal Ser-
vice (USPS) as defendant. Mr. Slade's
complaint against the USPS arose out of a
long-standing dispute over his efforts to
gain employment with the agency, the
facts of which are not germane to this
appeal. On March 19, 1987, the last day of
the limitations period, Mr. Slade sent by
certified mail a copy of the complaint to the
United States Attorney for the Northern
District of Oklahoma and to the Attorney
General of the United States. Neither the
United States Attorney nor the Attorney
General received service of Mr. Slade's

---

1. The limitations provision for an action against
the federal government under Title VII of the
Civil Rights Act of 1964 states that a civil action
for redress of employment grievances must be
brought "[w]ithin thirty days of receipt of notice
of final action taken by a department, agency,
or unit." 42 U.S.C. § 2000e–16(c) (1982). Mr.
Slade received his right-to-sue letter from the
EEOC on February 17, 1987. The thirty-day
limitations period for his action against the
Postmaster General thus extended through
March 19, 1987.

complaint until March 20 and 23, respectively, which was after the limitations period had run. Mr. Slade did not serve process on the Postmaster General of the United States at that time, Mr. Preston R. Tisch, who was the only proper party defendant to such an action. *See Johnson v. United States Postal Service*, 861 F.2d 1475, 1478 (10th Cir.1988).

On April 29, 1987, the USPS moved to dismiss Mr. Slade's complaint on the grounds that the complaint failed to name the proper party, that service was insufficient, and that the complaint could not be amended to name the proper party so as to relate back to the original date of filing under Rule 15(c). The motion was referred to a magistrate, who recommended it be granted. The magistrate reasoned that since neither the USPS nor the Postmaster General had received actual notice of the suit before the limitations period had passed, Rule 15(c) would not permit amendment of the complaint to relate back to the original date of filing. On October 7, 1987, the district court granted the USPS' motion, substantially adopting the magistrate's recommendation. The district court additionally held that notice could not be imputed to the USPS or the Postmaster General through service on the United States Attorney or the Attorney General, since neither party received service until after the expiration of the limitations period. Mr. Slade now appeals this ruling.

The central issue in this appeal is the proper application of Rule 15(c) to the undisputed facts of this case. Since this involves a purely legal determination, we review the district court's conclusions de novo. *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir.1988). Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back of amendments to pleadings. Relation back of an amendment changing a party against whom a claim is asserted has four requirements, all of which must be satisfied:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. at 29, 106 S.Ct. at 2384. With respect to actions brought against an agency or officer of the United States, Rule 15(c) further provides that "[t]he delivery or mailing of process to the United States Attorney ... or the Attorney General of the United States" satisfies the second and third requirements of the *Schiavone* test.

In this case, neither party disputes that Mr. Slade has met the first requirement of the *Schiavone* test. Rather, the question is whether Mr. Slade's mailing of process to the United States Attorney and the Attorney General within the limitations period satisfies the second, third, and fourth requirements of the *Schiavone* test. In concluding that Mr. Slade did not meet these requirements, the district court focused on the fact that neither the United States Attorney nor the Attorney General received the complaint and summons within the limitations period. Under our reading of Rule 15(c), however, this was not required.

First, Rule 15(c) provides that effective service on *either* the United States Attorney or the Attorney General within the limitations period satisfies the final three requirements of the *Schiavone* test. *See Paulk v. Department of Air Force*, 830 F.2d 79, 82 (7th Cir.1987); *Edwards v. United States*, 755 F.2d 1155, 1158 (5th Cir.1985). To determine whether these parties were effectively served, we note that Rule 15(c) expressly states that "delivery or mailing" is permissible. This language most likely was designed to be consistent with the provisions of Fed.R.Civ.P. 4(d)(4) and 4(d)(5), which specify that service is made on the United States or an officer or agency thereof by delivery of the summons and complaint to the United States Attorney, and by sending the same by certified mail to the Attorney General and to the officer or agency being sued.

It is undisputed that, on the last day of the limitations period, Mr. Slade sent a copy of the summons and complaint by certified mail to both the United States Attorney and to the Attorney General. While service on the United States Attorney was deficient since it was not personally made, service on the Attorney General was complete upon mailing and therefore accomplished within the limitations period. *See also* Fed.R.Civ.P. 5(b) (service by mail is complete upon mailing). Accordingly, by virtue of service on the Attorney General within the limitations period, notice of Mr. Slade's claim is imputed to the Postmaster General, and all of the requirements of the *Schiavone* test are met.

This result is consistent with the philosophy behind the 1966 amendment to Rule 15(c), which incorporated the provision permitting service on the United States Attorney or the Attorney General under such circumstances. The purpose of this amendment was to address the problems raised when plaintiffs inadvertently named an improper party in suits against government agencies or officials. *See* Fed.R.Civ.P. 15 advisory committee's note (1966 amendment); *Johnson v. United States Postal Service*, 861 F.2d at 1480; *Edwards*, 755 F.2d at 1157–58. Consequently, we conclude that the district court erred by not permitting Mr. Slade to amend his complaint pursuant to Rule 15(c) and in granting the USPS' motion to dismiss.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and REMANDED for further proceedings in accordance herewith.