930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Adele HERMAN, Plaintiff-Appellant,
v.
UTAH NATIONAL GUARD, John L. Matthews, Tom Brewer, Michael
P.W. Stone, Secretary of the Army, in his official
capacity, Defendants-Appellees.
 Nos. 90-4075, 90-4101.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Adele Herman challenges the district court's order vacating the default certificate entered against defendants and granting defendants' motion to dismiss with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(5). The district court held that plaintiff's amended complaint naming the Secretary of the Army, the only proper party defendant, did not relate back under Fed.R.Civ.P. 15(c) to the original date of filing. We disagree.[1]
 
 
 2
 "The sufficiency of a complaint is a question of law which we review de novo. Accordingly, we apply the same scrutiny to the complaint as did the trial court." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986) (citations omitted). Also, the applicability of Fed.R.Civ.P. 15(c) to the undisputed facts in this case involves a "purely legal determination." See Slade v. United States Postal Serv., 875 F.2d 814, 815 (10th Cir.1989).
 
 
 3
 Plaintiff, after unsuccessfully applying for a civilian technical position with the Utah National Guard, filed a formal complaint claiming discrimination on the basis of gender. By letter dated November 14, 1988, acknowledging receipt of plaintiff's discrimination complaint and stating its intention to investigate, the Utah National Guard notified her that in the event she elected to file a civil action in this matter, she was required to "name the Secretary of the Army as the defendant," and that "[f]ailure to name the Secretary of the Army may result in the loss of any judicial redress to which [she] may be entitled." Rec. Vol I, doc. 8, ex. C. Plaintiff received notice of the National Guard's final determination of no discrimination on June 16, 1989. On July 12, 1989, she filed suit in federal district court alleging violations of Title VII, 42 U.S.C. Sec. 2000e.
 
 
 4
 Plaintiff's civil action, naming the Utah National Guard, John L. Matthews, Tom Brewer, and John Does I through X as defendants, was filed within the thirty-day limitations period prescribed by 42 U.S.C. Sec. 2000e-16(c).[2] On July 14, 1989, still within the limitation period, plaintiff served process on the Utah State Attorney General's office. It appears to be an uncontroverted fact that on the same day, July 14, 1989, the Utah National Guard transmitted, by facsimile, copies of the complaint and summons to the United States Attorney's office for the District of Utah. The Utah National Guard and the other named defendants failed to file a response, and on November 22, 1989, plaintiff was awarded a certificate of default.
 
 
 5
 On January 9, 1990, the United States Attorney moved to vacate the default certificate and to dismiss plaintiff's complaint, claiming that by failing to name the Secretary of the Army as the appropriate party defendant, plaintiff had not complied with 42 U.S.C. Sec. 2000e-16(c). On February 9, 1990, plaintiff amended her complaint, adding the Secretary of the Army as a defendant in place of the John Does, and completed service of process on that office on February 12, 1990. The issue in this case is whether the facsimile copies of the complaint and summons, transmitted to the United States Attorney, constituted sufficient and timely notice of plaintiff's action to the Secretary of the Army, the proper party defendant, thereby triggering the relation-back privilege of Fed.R.Civ.P. 15(c).
 
 
 6
 The two paragraphs of Rule 15(c) have been referred to as the "general notice provision" and the "government notice provision." See Allgeier v. United States, 909 F.2d 869, 872 (6th Cir.1990). The general notice provision allows a pleading, amended to name the correct party defendant, to relate back to the date of the original filing, provided the correct party "(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." This must be accomplished within any applicable limitations period. Fed.R.Civ.P. 15(c). The government notice provision addresses this relation-back privilege when the party defendant is the United States government.
 
 
 7
 The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.
 
 
 8
 Fed.R.Civ.P. 15(c) (emphasis added).
 
 
 9
 Plaintiff relies heavily on a Ninth Circuit decision to support her contention that the facsimile copies of the complaint and summons to the United States Attorney, prior to the expiration of the limitations period, constitute sufficient notice to satisfy the government notice provision of Rule 15(c). In Miles v. Department of Army, 881 F.2d 777 (9th Cir.1989), the court allowed relation back of a complaint naming the wrong party defendant when the plaintiff named the Department of the Army as defendant instead of the Secretary of the Army, the proper party defendant. The plaintiff in Miles served the Staff Judge Advocate's office in the Presidio who mailed the documents to the United States Attorney, all within the prescribed limitations period. Id. at 779. Defendant argues that Miles is distinguishable in that the notice was actually mailed in direct compliance with the literal language of the rule. Considering present-day technological advances in the dissemination of information, we conclude that notice by facsimile also satisfies the notice requirement.
 
 
 10
 This court's rationale in Johnson v. United States Postal Service, 861 F.2d 1475 (10th Cir.1988), cert. denied, 110 S.Ct. 54 (1989), is applicable in this case. In Johnson, a postal employee brought a Title VII suit naming the postal service, rather than the Postmaster General, the correct party defendant. The employee was not allowed to amend his complaint to relate back to his original filing when the correct party defendant had not been named or served within the statutory limitations period. Id. at 1482. In reaching its decision in Johnson, this court acknowledged that Schiavone v. Fortune, 477 U.S. 21 (1986), sets forth the factors to be considered when determining whether an amended complaint relates back to the original filing under Fed.R.Civ.P. 15(c). See Johnson, 861 F.2d at 1479. According to Schiavone, relation back is dependent upon the following:
 
 
 11
 (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
 
 
 12
 Schiavone, 477 U.S. at 29.
 
 
 13
 In Miles, the Ninth Circuit observed that, "whether an amendment to a pleading should relate back is not whether a particular service procedure is employed to place the government on notice, but rather whether the appropriate government official is in fact sufficiently notified of the action within the statutory period." Miles, 881 F.2d at 783 (emphasis in original). In this case, the facsimile copies of the relevant documents transmitted to the United States Attorney prior to the expiration of the limitations period, placed the government on sufficient notice to preclude any prejudice. The Supreme Court's declaration that "[t]he linchpin is notice, and notice within the limitations period," is sufficiently broad to encompass the facts of this case. Id. at 31. As the Fifth Circuit has recently stated,
 
 
 14
 In Schiavone, the Supreme Court did not decide the type of notice required to satisfy the set out requirements but it did decide proof of some notice was necessary.
 
 
 15
 .............................................................
 
 
 16
 ...................
 
 
 17
 * * *
 
 
 18
 ... as long as there is evidence of some kind of notice, whether formal or informal, within the appropriate period, the Schiavone factors might be satisfied.
 
 
 19
 Honeycutt v. Long, 861 F.2d 1346, 1350 (5th Cir.1988). Although deciding a distinguishable issue, this court recently stated, " 'it is notice and not service that Rule 15(c) requires.' " Gilles v. United States, 906 F.2d 1386, 1390 (10th Cir.1990) (quoting Montgomery v. United States Postal Serv., 867 F.2d 900, 903 (5th Cir.1989) (emphasis in original) (citing Schiavone, 477 U.S. 21, 106 S.Ct. at 2385)).
 
 
 20
 In conclusion, since the United States Attorney received actual notice of plaintiff's action within the thirty-day limitations period, the district court erred in holding that plaintiff's amended complaint could not relate back under Rule 15(c). The government notice provision was added to Rule 15(c) in 1966 to alleviate the injustice caused when parties mistakenly named the wrong defendant in their actions against the government. See Fed.R.Civ.P. 15(c), advisory committee notes to 1966 amendment. In order that this intent be given all possible deference, and in order to preserve the rights of parties when they have difficulty with the often confusing requirements surrounding suit against the government, we give a liberal and generous interpretation to the notice language of the rule.
 
 
 21
 The parties' requests for oral argument are DENIED. The judgment of the United States District Court for the District of Utah is REVERSED and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court dismissed Herman's complaint for lack of subject matter jurisdiction and insufficiency of service of process. We have previously determined that a "dismissal based on inability to amend a complaint naming an improper party is failure to state a claim upon which relief can be granted." Johnson v. United States Postal Serv., 861 F.2d 1475, 1476 n. 1 (10th Cir.1988), cert. denied, 110 S.Ct. 54 (1989). Therefore, we will consider the district court's dismissal as a Rule 12(b)(6) dismissal
 
 
 [2]
 The statute provides:
 (c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin ... an employee or applicant for employment ... may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency or unit, as appropriate, shall be the defendant. 42 U.S.C. Sec. 2000e-16(c).