5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wanda Y. OWINGS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
Defendant-Appellee.
 No. 93-6087.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Wanda Y. Owings appeals the district court's dismissal of her complaint for lack of prosecution, claiming the district court (1) abused its discretion in granting the government an extension to file its answer and (2) abused its discretion in dismissing for lack of prosecution, Fed.R.Civ.P. 41(b). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 On October 15, 1991, Plaintiff was denied disability benefits by an administrative law judge. She then filed suit in district court on April 15, 1992, and the court referred her case to a magistrate. 28 U.S.C. Sec. 626(b)(1)(B). According to the record, Plaintiff served the government on April 27, 1992. On June 26, 1992, the government entered an appearance and requested a fourteen-day extension in which to answer or otherwise plead. On June 29, 1992, Plaintiff's representative filed a "Motion to Deny Additional Time to Plead," alleging that the government's motion was filed eleven days after its deadline. On June 30, 1992, the magistrate granted the government's motion for an extension, and the government filed its answer on July 10, 1992.[1]
 
 
 3
 Plaintiff's pleadings and motions were signed and filed by Mr. Pat Hayes, a vocational rehabilitation counselor. On July 10, 1992, Mr. Hayes filed an entry of appearance, indicating that he represented Plaintiff. Because Mr. Hayes is not an attorney the district court, on December 17, 1992, ordered Plaintiff to personally sign each pleading in the file or obtain an attorney to file an entry of appearance by January 8, 1993, to avoid dismissal of her case. After Plaintiff failed to comply with this order, the judge dismissed her case on January 27, 1993.
 
 
 4
 Plaintiff argues the district court erred when it granted the government's motion for additional time to plead or answer because the government's motion was filed out of time. We review for abuse of discretion. Fed.R.Civ.P. 6(b)(1).
 
 
 5
 Rule 4(d)(4) provides that the United States Attorney for the district in which the action is brought must be served a copy of the summons and complaint "by delivery." Fed.R.Civ.P. 4(d)(4). Delivery is defined in Rule 5(b) as the "handing [of a copy] to the attorney or to the party." Fed.R.Civ.P. 5(b). See also Prisco v. Frank, 929 F.2d 603 (11th Cir.1991) (mailing copies to the United States Attorney's office is insufficient); Slade v. United States Postal Service, 875 F.2d 814, 815 (10th Cir.1989) (distinguishing personal delivery from sending by mail under Rule 4(d)(4)). The United States then has sixty days from the date of delivery to the United States Attorney to serve its answer. Fed.R.Civ.P. 12(a).
 
 
 6
 Plaintiff's claim that the government's motion for extension of time was eleven days late is misfounded. Because the complaint was not properly served until April 27, 1992, June 26, 1992 was the government's final date to respond. Therefore, the government timely filed its motion for additional time on June 26, 1992, and the district court did not abuse its discretion in granting that motion. See Fed.R.Civ.P. 6(b)(1) (court has discretion to extend time if requested within originally prescribed period).
 
 
 7
 Plaintiff also argues that the district court abused its discretion in dismissing Plaintiff's case for lack of prosecution. Plaintiff claims that she did not fail to prosecute her case because Mr. Hayes properly represented her in front of the court.
 
 
 8
 The Sixth Amendment allows an individual some rights to choose one's own counsel; however, "an advocate who is not a member of the bar may not represent clients (other than himself) in court." Wheat v. United States, 486 U.S. 153, 159 (1987). See also 28 U.S.C. Sec. 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir.1986) (per curiam) (striking appearance of non-lawyer stating that individual may only appear on appeal pro se or through counsel); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) (per curiam) (parent had right to represent self, but not children); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir.1982) (individual responsible for handling his case if not represented by counsel).
 
 
 9
 When there is lack of prosecution, the court has inherent authority to dismiss the case sua sponte. Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2135 (1991); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). Cf. Fed.R.Civ.P. 41(b) (court can dismiss for lack of prosecution on motion by defendant). We will overrule the district court's decision to dismiss only for abuse of discretion. See DeBardeleben v. Quinlan, 937 F.2d 502, 504 (10th Cir.1991).
 
 
 10
 In the present case, the district court properly concluded that Plaintiff's representation by a rehabilitation counselor, who was not a member of the bar, was improper. As a result, Mr. Hayes' appearances on behalf of Plaintiff did not fulfill Plaintiff's duty to prosecute her case. Further, the district court, upon discovering the problem, gave Plaintiff ample notice and opportunity to correct the situation and she failed to do so. Thus, the district court did not abuse its discretion when it dismissed the case for lack of prosecution.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff attempted to appeal the magistrate's grant of the government's motion on June 30, 1992, and again on July 20, 1992. Although we are not certain what Plaintiff's objection is to the district court clerk's handling of these appeals, the appeals were improper because they were premature. See 28 U.S.C. Sec. 1291
 
 
 [2]
 Plaintiff also asserts that Mr. Hayes was dismissed without proper notice. However, the court was not required to notify Mr. Hayes because he was neither the plaintiff nor Plaintiff's counsel