54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert CALIA, Plaintiff-Appellant,
v.
Paul (NMI) MORRISON, individually and as District Attorney
for Johnson County, Kansas; (NFN)(NMI) Walters, Detective,
individually, and as Detective for the Overland Park Police
Department; (NFN)(NMI) Moore, Detective, individually and
as Detective for the Overland Park Police Department; (NFN)
Reed, Detective, individually and as Detective for the
Overland Park Police Department; Myron Scafe, Chief,
individually and as Chief of Police for the Overland Park
Police Department; City of Overland Park, Kansas; Fred
Allenbrand, Sheriff, individually and in his capacity as
Sheriff of Johnson County, Kansas; Johnson County, Kansas;
Thomas J. Erker, Defendants-Appellees.
 No. 94-3149.
(D.C. No. 92-3250-DES)
 United States Court of Appeals, Tenth Circuit.
 May 22, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Robert Calia appeals the district court's dismissal of his civil rights action, brought pursuant to 42 U.S.C.1983 and 1985, and his related state law claims. Because most, but not all, of Mr. Calia's claims are untimely, we affirm in part, reverse in part, and remand the case for further proceedings.
 
 
 4
 On February 23, 1987, detectives from the Overland Park police department conducted a search of Mr. Calia's residence and seized several suits and a pocket watch. A warrant for Mr. Calia's arrest issued several days later, and he was arrested on March 4, 1987, for possession of stolen property and felony theft. The following day, Mr. Calia was terminated from his employment, based on the information about his arrest. Mr. Calia successfully challenged the propriety of the search and seizure, and on October 27, 1987, the evidence obtained through the search was suppressed. On November 16, 1987, the court dismissed the case against Mr. Calia. Through an irregularity, the journal entry reflecting the dismissal was not entered until December 27, 1991.
 
 
 5
 On June 3, 1992, Mr. Calia filed this federal civil rights action against defendants, raising claims of unlawful search and seizure, failure to train and supervise police officers, false arrest, excessive bail, malicious prosecution and abuse of process, unlawful county policy/failure to train and supervise the district attorney, deprivation of property, and conspiracy. The complaint also alleged several state law claims. Applying Kansas' two-year statute of limitation, the district court dismissed Mr. Calia's federal claims as untimely and declined to exercise jurisdiction over the pendent state claims.
 
 
 6
 We review de novo the district court's application of a statute of limitations. Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir.1994). Actions pursuant to 1983 are analogous to personal injury claims, and are subject to the forum state's statute of limitations for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The same rule applies to actions brought under 1985. Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F.Supp. 1408, 1411 (D. Colo.1991), aff'd, 956 F.2d 278 (10th Cir.) (table), cert. denied, 113 S.Ct. 76 (1992). The personal injury statute of limitations in Kansas is two years. Kan. Stat. Ann. 60-513(a)(4); Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1300-01 (10th Cir.1991).
 
 
 7
 The accrual of a federal cause of action is determined by reference to federal law. Robinson v. Maruffi, 895 F.2d 649, 655 n. 8 (10th Cir.1990). "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " Johnson, 925 F.2d at 1301 (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir.1980), cert denied, 450 U.S. 920 (1981))(further quotations omitted). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Id.
 
 
 8
 Here, Mr. Calia's claims for search and seizure, deprivation of property, false arrest, excessive bail, and failure to train and supervise the Overland Park police officers, accrued when the underlying events occurred in February and March of 1987. As the time for bringing these claims expired in February and March of 1989, they are now barred by the statute of limitations.
 
 
 9
 Mr. Calia attempts to circumvent this outcome by arguing that his former attorney, Mr. Erker, misrepresented the time in which to bring a civil action, and that this misrepresentation tolled the statute of limitations. To toll a claim based on concealment, Mr. Calia must show that the defendants took affirmative steps to prevent him from discovering his cause of action. Baker v. Board of Regents, 991 F.2d 628, 633 (10th Cir.1993). Mr. Calia has not alleged that any of the governmental defendants affirmatively acted to conceal the search, seizure, arrest, or bail conditions underlying his claims. Because Mr. Calia's attorney was privately retained and was not a state actor, his alleged misrepresentations cannot be attributed to the other defendants, and the claims against them were not tolled.[2]
 
 
 10
 Mr. Calia argues that because the seized property was never returned to him, he has been subjected to a continuing deprivation, and that, therefore, his 1983 due process claim was timely. Mr. Calia suffered the deprivation of property on February 23, 1987, when it was seized from his home. Although this initial deprivation may have had "a continuing effect within the statutory time allowed for suit," such an ongoing effect is insufficient to preserve a challenge to the earlier conduct. See Martin v. Nannie & The Newborns, Inc., 3 F.3d 1410, 1415 (10th Cir.1993). Mr. Calia's pro se status also does not operate to toll his claims as pro se litigants remain obligated to follow the rules. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), cert. denied, 113 S.Ct. 1336 (1993). The district court was correct, therefore, in dismissing Mr. Calia's claims arising out of the search, seizure, arrest, and bail conditions.
 
 
 11
 Mr. Calia's claims for malicious prosecution and the county's unlawful policy/failure to supervise are in a somewhat different category. These claims depend on proof that Mr. Calia was maliciously prosecuted. The essence of Mr. Calia's conspiracy claim also involves an agreement to maliciously prosecute him. See Robinson, 895 F.2d at 655.
 
 
 12
 A cause of action for malicious prosecution accrues only when the underlying criminal proceeding terminates in plaintiff's favor. Id. at 654-55. Under Kansas law, a judgment is not effective "unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court." Kan. Stat. Ann. 60-258. Here, the criminal proceedings against Mr. Calia did not terminate in his favor until December 27, 1991, the date of the journal entry. Therefore, his claims based on malicious prosecution were timely.
 
 
 13
 Although the conspiracy claim is not time-barred, it does not contain specific allegations of fact "showing agreement and concerted action among" the defendants. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994). "Conclusory allegations of conspiracy are insufficient to state a valid 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). The claim was properly dismissed, therefore. See, e.g., United States v. Sandoval, 29 F.3d 537, 542 n. 6 (10th Cir.1994)(holding appellate court can affirm on any ground for which there is record support, even if not relied on by district court).
 
 
 14
 Because two of Mr. Calia's federal claims remain viable, the district court's dismissal of the state law claims must be vacated. On remand, the district court should examine whether the federal malicious prosecution and unlawful policy/failure to supervise claims are barred by absolute immunity and whether a county policy is sufficiently alleged.
 
 
 15
 The judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Erker's nongovernmental status also makes him an impermissible defendant under 1983. Because the complaint alleges that Mr. Erker conspired with the government to maliciously prosecute Mr. Calia, however, he remains a proper defendant to the 1985 claim