**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD RAY LACEY,

Defendant-Appellant.

No. 98-3030
(D.C. No. 97-CV-3452-SAC)
(District of Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

Richard Ray Lacey seeks a certificate of appealability under 28 U.S.C. §

2253(c) so that he may appeal the district court's dismissal of his 28 U.S.C. §

2255 habeas corpus petition.  However, because Mr. Lacey has failed to make a

substantial showing of the denial of a constitutional right, we deny his request.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.     This case is therefore ordered submitted without oral argument.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1994, a jury convicted Mr. Lacey of three counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, one count of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession of cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. Lacey directly appealed his convictions, and we affirmed. United States v. Lacey, 86 F.3d 956, 973 (1996). On October 15, 1996, the Supreme Court denied his petition for certiorari. Lacey v. United States, 117 S. Ct. 331 (1996).

On October 27, 1997, the clerk of the district court received a pro se 28 U.S.C. § 2255 petition from Mr. Lacey. Even accepting Mr. Lacey's assertion that he mailed this petition on October 21, 1997 and giving him the benefit of the "mailbox rule," see Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that pro se prisoner's notice of appeal is "filed" when he "delivers such notice to the prison authorities for forwarding to the clerk of the District Court"), he still filed his habeas petition one year and six days after the Supreme Court had denied his petition for certiorari. Thus, he filed his habeas petition six days after the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply

2

to a motion under this section.  The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final."); *see also* Griffith v. Kentucky , 479 U.S. 314, 321 n.6 (1987)(defining "final judgment" in retroactivity context as "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'")  .

Mr. Lacey does not contest that he filed his petition more than one year after the Supreme Court denied certiorari.  Nor does he seek harbor in the AEDPA provision that delays the running of the one-year period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  *See* 28 U.S.C. § 2255(4).  Rather, he attempts to escape AEDPA's one-year limitation period by alleging that his former attorney provided him with incorrect information regarding the due date of his habeas petition.

AEDPA's one-year limitation period is not jurisdictional but, rather, is in the nature of a statute of limitations and, thus, may be subject to equitable tolling.  *See* Miller v. Marr , 141 F.3d 976, 978 (10th Cir.), cert. denied , 1998 WL 407280 (Oct. 5, 1998).  In  United States v. Glover  , 1998 WL 453674, at *1 (10th Cir. Aug. 5, 1998), we held that equitable tolling was not warranted because the pro se habeas petitioner had failed to show that "there was an impediment created

3

by governmental action, . . . and [that] it prevented [him] from filing his motion in time." See also Johnson v. United States Postal Serv., 861 F.2d 1475, 1481 (10th Cir. 1988) (stating that equitable tolling is appropriate where, among other things, the failure to file was "due to a false representation by [a] court, agency, or putative [adversary]"). Here, as in Glover, Mr. Lacey's former attorney is not a government actor. Moreover, Mr. Lacey has failed to allege any "extraordinary" circumstances that would justify equitable relief from AEDPA's one-year statute of limitations. See Johnson, 861 F.2d at 1480-81. Thus, equitable tolling is not warranted in this case. See Glover, 1998 WL 453674, at *1; Calia v. Morrison, 1995 WL 311750, at *2 (10th Cir. May 22, 1995) ("Because [a § 1983 plaintiff's] attorney was not privately retained and was not a state actor, his alleged misrepresentations cannot be attributed to the other defendants, and the claims against them were not tolled.").

Consequently, we hold that Mr. Lacey's § 2255 petition was untimely and hereby DENY his request for a certificate of appealability. In light of this holding, we also DENY as moot his motion to supplement his § 2255 petition.

Entered for the Court,

Robert H. Henry
Circuit Judge

4