**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD RAY LACEY,

    Defendant - Appellant.

No. 02-3190
D.C. No. 89-CR-10054-01-SAC
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Mr. Lacey, appearing pro se and in forma pauperis, seeks to appeal the district court's order denying his motion for grand jury transcripts. Mr. Lacey argues that he needs the transcripts to prepare a collateral attack on the indictment. He claims that he is not the "Richard Ray Lacey" named in the original indictment (instead he is "Rick Ray Lacey"), a somewhat belated theory

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

given the protracted proceedings in this case. The district court denied the motion, and further noted that even if the grand jury transcript were unsealed, Mr. Lacey had not made an adequate showing to obtain it. See Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993) (requiring a showing of "particularized need" for a transcript under 28 U.S.C. § 753(f)).

Mr. Lacey's motion seeking grand jury transcripts is civil in nature and we have jurisdiction over this appeal. See In re Grand Jury 95-1, 118 F.3d 1433, 1436 (10th Cir. 1997); see also United States v. Campbell, 294 F.3d 824, 826-27 (7th Cir. 2002) (per curiam); United States v. Miramontez, 995 F.2d 56, 58 (5th Cir. 1993). Because Mr. Lacey failed to show a particularized need for the transcripts, the district court did not abuse its substantial discretion in denying the motion. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222-23 (1979); United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). After reviewing the record in this case, it is apparent that Mr. Lacey's claims are based upon incorrect information, see Aplee. Br. at 7, or are entirely speculative, see Aplt. Reply Br. at 3 (arguing that grand jury indicted based upon "record of violence" of someone else).

Were that not enough, Mr. Lacey's theory is inadequate to meet the requirements to file a second or successive petition, i.e. newly discovered evidence. See 28 U.S.C. § 2255, ¶ 8. Mr. Lacey's narcotics convictions were

affirmed on direct appeal.  United States v. Lacey, 86 F.3d 956 (10th Cir. 1996).  His initial § 2255 motion was denied by the district court as time-barred and this court denied him a certificate of appealability.  United States v. Lacey, 162 F.3d 1175, No. 98-3030, 1998 WL 777067 (10th Cir. Oct. 27, 1998).  Thus, to obtain a certificate of appealability for a second § 2255 motion, he would be required to demonstrate newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense."  28 U.S.C. § 2255, ¶ 8.  Given the discussion of the evidence in his direct appeal, Lacey, 86 F.3d at 961-62, he cannot make this showing on the theory that he was not the person named in the indictment.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge